**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 7, 2019
Date Decided: June 7, 2019

Joel Friedlander, Esquire
Jeffrey Gorris, Esquire
Cristopher Foulds, Esquire
Cristopher P. Quinn, Esquire
Friedlander & Gorris P.A.
1201 N. Market Street, Suite 2200
Wilmington, Delaware 19801

Robert S. Saunders, Esquire
Jennifer C. Voss, Esquire
Arthur R. Bookout, Esquire
Jessica R. Kunz, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

Re:  *The Chemours Co. v. DowDuPont Inc., et al.*,
C.A. No. 2019-0351-SG

Dear Counsel:

Court of Chancery Rule 5.1(e) permits parties to protect confidential information contained in a complaint, through compliance with Rule 5.1's terms. In this case, I found that the parties failed to comply with Rule 5.1(e), as explained in my Bench Ruling of May 23, 2019. In that Bench Ruling, I informed the parties that I would direct the Office of the Register in Chancery to unseal the Complaint filed as confidential, but deferred such action pending the opportunity for the parties to seek an interlocutory appeal. The Defendants have taken such an appeal and seek interlocutory certification under Supreme Court Rule 42. I have reviewed the

Defendants' brief in support of certification, as well as the Plaintiff's response. I determine that certification is not appropriate.

Supreme Court Rule 42 governs interlocutory appeals. It serves to protect the appellate system from inefficient and potentially overwhelming piecemeal review, while protecting the right of litigants to review of decisions that would, if they prove improvident, substantially damage those litigants' interests, to an extent inimical to the interests of justice. In pursuit of that difficult balance, Rule 42 requires a strict analysis by the trial court. It provides that an interlocutory appeal shall not be certified by the trial court "unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[1]

In making a decision on certification, the trial court must balance "the likely benefits of interlocutory review" with "the probable costs," and "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[2] Rule 42 further provides eight factors for the trial court to consider when conducting the balancing test.[3] Here, the Defendants argue that three of those factors support certification. Specifically, the Defendants contend that the Bench Ruling involves a question of law resolved for the first time in this state, that the decisions of the trial

---

[1] Supr. Ct. R. 42(b)(i).
[2] Supr. Ct. R. 42(b)(iii).
[3] Supr. Ct. R. 42(b)(iii)(A)–(H).

courts are conflicting upon the question of law, and that review would serve considerations of justice.[4]

This matter came before me *sua sponte*, upon review of the "public version" of the Complaint purportedly filed in compliance with Court of Chancery Rule 5.1(e) and currently on the docket as such.[5] The so-called "public version" was not merely heavily redacted; it was, in substance, entirely blacked out. After conducting a telephonic hearing, I found that the unredacted Complaint should be released as the public version, consistent with Rule 5.1(d). The Defendants seek interlocutory appeal of that decision.[6]

The Defendants have framed the question of law for interlocutory appeal thus: "whether an agreement that mandates confidential arbitration (and delegates the issue of arbitrability to an arbitrator) constitutes good cause for Confidential Treatment of a complaint pending resolution of a motion to dismiss for lack of subject matter jurisdiction?"[7] That, however, is not a question I resolved in the

---

[4] *See* Supr. Ct. R. 42(b)(iii)(A), (B), (H).

[5] As explained below, a public version was filed with the Court within the time mandated by Court of Chancery Rule 5.1(e), but it was rejected by the Office of the Register in Chancery because it was completely redacted, and thus not in compliance with the Rule. A second public version was then filed after the time mandated by Rule 5.1(e) had expired, but it was conditionally approved by the Register and persists on the docket as the public version of the confidential filing. My reference here is to the second, untimely public version.

[6] The Plaintiff, Chemours, took no position on the merits at the Oral Argument preceding the ruling at issue, and takes no substantive position on the interlocutory appeal, which it "does not oppose." Pl.'s Resp. to Defs.' Application for Certification of Interlocutory Appeal, at 1.

[7] Defs.' Appl. for Certification of Interlocutory Appeal, at 7.

Bench Ruling from which appeal is sought. That Bench Ruling denied confidential treatment because I found that the parties had not complied with Court of Chancery Rule 5.1. Specifically, I found failure to comply with Rule 5.1(e)(1)(ii), which requires a plaintiff seeking confidentiality to file with the complaint a "covering sheet" that "shall summarize the claims asserted in the complaint in sufficient detail to inform the public of the nature of the dispute,"[8] and Rule 5.1(e)(3), which requires that a redacted "public version" be filed within three days of the confidential filing.[9] Rule 5.1(e) requires that a plaintiff give notice to interested parties of a proposed public version, and puts the onus on all parties to create and timely file a public complaint with redactions appropriate to Rule 5.1.[10]

On review, and after argument, I found that the covering sheet here was inadequate under the Rule, and that no "public version" of the Complaint had been timely filed. A purported public version of the Complaint (the "Timely Public Version") had been filed within the three days provided by Rule 5.1(e)(3), but it was entirely blacked out, and, as a result, I found that it was not in compliance with Rule

---

[8] *See* Ct. Ch. R. 5.1(e)(1) ("When filing a complaint as a Confidential Filing in accordance with this Rule, the plaintiff (i) shall file publicly the covering sheet referenced in Rule 3(a)(2) and (ii) the covering sheet shall summarize the claims asserted in the complaint in sufficient detail to inform the public of the nature of the dispute."); D.I. 1, "Supplemental Information Sheet" ("Short statement and nature of claim asserted: Action for declaratory judgment and other relief relating to a spin-off transaction.").

[9] *See* Ct. Ch. R. 5.1(e)(3) (mandating that a plaintiff file a public version of a confidentially filed complaint, after following the process laid out in Court of Chancery Rule 5.1).

[10] *See* Ct. Ch. R. 5.1(e)(2)–(3).

5.1, which limits redactions to those matters consistent with the Rule. The Office of the Register in Chancery had, in fact, rejected the Timely Public Version for the same reason. Because the Timely Public Version was rejected, a second public version of the Complaint (the "Untimely Public Version") was then filed after the three days allotted by Rule 5.1(e)(3). I found that the Untimely Public Version—itself nearly completely obscured—was inadequate under the rule as well. In the Bench Ruling, I rejected the Defendants' argument that the matter was, by contractual agreement, subject to confidential arbitration, thus—per the Defendants—justifying a complete withholding of the Complaint from the public, pending resolution of a motion to dismiss (and, if the motion were granted, presumably forever). Instead, I found that the burden was on the parties to file a public version that redacted only those matters for which confidentiality could be certified by the parties as in good faith compliance with Rule 5.1—a burden which they did not meet.[11] Accordingly, I found that the unredacted Complaint should be filed as the public version.

However, I indicated that I would defer any directive to the Office of the Register in Chancery to accomplish the release of the confidentially-filed Complaint, pending any interlocutory appeal. The Defendants then offered to file a proposed

---

[11] *See* Rule 5.1(b)(3) ("The designation of material as Confidential Information constitutes a certification that the designating lawyer, party, or person has reviewed the Document and believes that good cause exists for Confidential Treatment.").

public version of the Complaint, redacting only those matters properly confidential under Rule 5.1.[12] I indicated that if the Defendants moved for reargument under Rule 59(f), they should attach such a proposed redacted Complaint, and that I would consider it in that context.[13] Such a review, presumably, would have presented a version of the question that the Defendants (erroneously, in my view) attempt to characterize as the question they seek to appeal: can the existence of a confidential arbitration provision in a contract justify, as confidential, redactions under Rule 5.1, presuming such a redacted public version otherwise complies with Rule 5.1? The Defendants eschewed reargument, and filed this request for certification of an interlocutory appeal instead.

I now turn to the mandatory factors that Supreme Court Rule 42(b)(iii) directs the trial court to address, limiting my review principally to those the Defendants identify as pertinent:

1) Does the appeal involve a question of law resolved for the first time in Delaware? The question of whether the existence of a contractual confidentiality provision between parties to a lawsuit justifies complete secrecy for a complaint, notwithstanding non-compliance with Rule 5.1's directives to file an informative

---

[12] May 23, 2019 Tel. Conf. Tr., at 20:7–24.
[13] *Id.* at 21:1–4.

covering sheet and public version of the complaint, appears to be a question of first impression. This factor supports interlocutory appeal.

2) Are the decisions of the trial courts conflicting? The Defendants, after averring that this is a matter of first impression, answer this factor in the affirmative as well. They cite to an order of this Court in *Early v. Trend Capital Management LP*,[14] which continues confidential treatment pending determination of arbitrability. *Early*, however, as a simple review of the public version of the complaint in that case indicates,[15] did not involve a complaint entirely sealed from public view; it involved a redacted complaint that I assume was filed in compliance with Rule 5.1. Thus, the question here, whether a confidentiality provision in a contract excuses compliance with Rule 5.1 and allows an entire complaint to be withheld from the public, does not appear to have been addressed in *Early*. This factor does not support interlocutory appeal.

3) Will interlocutory review serve the interests of justice? It is true, as the Defendants point out, that to the extent they have legitimate confidentiality rights, created via contract, over matters disclosed in the Plaintiff's Complaint, those rights will be lost once the Complaint is made public.[16] If the Defendants are

---

[14] *See* C.A. No. 2019-0064-KSJM, at 1–2 (Del. Ch. Mar. 22, 2019) (Order).
[15] *See* C.A. No. 2019-0064-KSJM (Del. Ch. Feb. 1, 2019) (Public Version of Verified Complaint).
[16] Of course, the underlying issue, balancing rights of public access against contractual confidentiality rights, itself involves application of the interests of justice.

7

correct that the Plaintiff has breached the contract simply by filing the Complaint, presumably the Defendants will have a legal remedy for that breach, although defenses may limit that redress as well. Thus the matter for which interlocutory appeal is sought does implicate an important interest of the Defendants. The matter for which the Defendants seek review, on the other hand, involves interpretation of Court of Chancery Rule 5.1, which makes it clear that all matters in this Court are presumed public, unless the parties, following Rule 5.1's strictures, establish that the public interest is outweighed by a discrete confidentiality interest. Specifically, the Defendants seek review of a finding that the parties, having failed to comply with the Rule, must litigate in public, consistent with the "[g]eneral principal of public access" provided in Rule 5.1(a). I do not find on balance that the interests of justice weigh in favor of interlocutory appeal.

4) The other factors in Supreme Court Rule 42(b)(iii) do not support interlocutory appeal.

In sum, while the challenged ruling of this Court decided a substantial question of material importance to the parties, review of the factors in Rule (42)(b)(iii) leads me to conclude that, on balance, the matter does not merit interlocutory appellate review.

For the foregoing reasons, the Defendants' application for certification of interlocutory appeal is denied.  An appropriate form of order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| THE CHEMOURS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0351-SG |
| | ) | |
| DOWDUPONT INC.; CORTEVA, INC.; | ) | |
| AND E. I. DU PONT DE NEMOURS | ) | |
| AND COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY**

**ORDER**

This 7th day of June, 2019, the Defendants having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated May 23, 2019; and the Court having found that such order lacks a substantial issue of material importance that merits appellate review before a final judgment and that only one of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that the Court's order of May 23, 2019, is hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Sam Glasscock III

Vice Chancellor